IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS F. ALARCON,

       Plaintiff,

vs.                                      No. CIV 14-0065 JB/WPL

MS. SHERRY STEPHENS OF
ADULT PAROLE BOARD AND
P.N.M. ADMINISTRATION,
MR. GREGG MARCANTEL (SEC. OF
CORRECTIONS),

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 22, 2014 (Doc. 1), the Complaint: Civil Action, filed February 11, 2014 (Doc. 6), and the Continuance of: Amended Complaint of Negligence, filed March 4, 2014 (Doc. 15)(together the "Complaint"). Alarcon is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For reasons set out below, the Court will dismiss Alarcon's Complaint.

The Court has the discretion to dismiss an *in forma pauperis* complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing Alarcon's pro se Complaint, the Court applies the same legal standards applicable to

pleadings that counsel drafts, but liberally construes the allegations.   See Northington v. Jackson,

973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint asserts that Alarcon became eligible for parole in 2013.   Alarcon alleges

that the New Mexico Adult Parole Board has refused to grant him parole on the grounds that he has

failed to present an acceptable parole plan.   He disputes the Parole Board's reason for denying

parole.   Alarcon also alleges that federal immigration officials have issued an order for his

deportation and argues that corrections officials should release him to the custody of immigration

officials.   He contends that the Defendants' actions have violated his rights under the Eighth and

Fourteenth Amendments to the Constitution of the United States of America.   In his amended

Complaints (Docs. 6, 15), Alarcon asserts the same claims and adds more detail to his allegations.

For relief, he asks for an order directing corrections officials to notify immigration officials to take

him into custody, or, alternatively, for an order requiring corrections officials to approve one of his

parole plans and grant him parole.   He also asks for damages.

The relief that Alarcon seeks is not available in this § 1983 action.   As the United States

Court of Appeals for the Tenth Circuit has stated, "[t]o the extent that [Alarcon] seeks injunctive

relief, success on this claim would result in a speedier release from custody, so the claim cannot be

pursued under § 1983 but must be pursued as a habeas claim under § 2241."   Frey v. Adams Cnty.

Court Servs., 267 F. App'x 811, 813 (10th Cir. 2008)(citing Preiser v. Rodriguez, 411 U.S. 475,

500 (1973); United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986)).   In particular,

Alarcon's demand for a specific ruling by the parole board must be brought in a habeas corpus

petition under § 2241 rather than in a § 1983 action.   See Tillman v. Bigelow, 484 F. App'x 286, 288 (10th Cir. 2012).   The Court will dismiss Alarcon's claims underlying his request for equitable relief without prejudice to his right to pursue remedies under 28 U.S.C. § 2241.

Nor do Alarcon's allegations support granting relief on his claims for damages.   As a starting point, "[t]here is no constitutional right to conditional release prior to the expiration of a valid sentence.   Nonetheless, a state may create a liberty interest by using mandatory language in a statute which restricts the parole authority's discretion or creates a presumption of release." Trumbly v. Kan. Parole Bd., 8 F. App'x 857, 859 (10th Cir. 2001)(habeas corpus proceeding) (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 11-12 (1979)).   As pertinent in a § 1983 action, however,

> New Mexico's parole system contains no "shall . . . unless" directive to the parole board.   Consequently, the system "does no more than create a parole system, which in the Supreme Court's view . . . does not establish a liberty interest." Thus, . . . [Alarcon']s dissatisfaction with the parole board's reasons for denying his application is not actionable.

Candelaria v. Griffin, 641 F.2d 868, 870 (10th Cir. 1981)(footnote omitted)(quoting Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir. 1979)).   See Pettigrew v. Zavaras, 2014 WL 3733975, at *7 n.7 (10th Cir. 2014)(same)(publication in F. App'x forthcoming).

Awarding damages on Alarcon's allegations of improper denial of parole would "imply the invalidity of [his] confinement," Wilkinson v. Dotson, 544 U.S. 74, 82 (2005), and the Court will therefore dismiss this claim as not cognizable under § 1983, cf. Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996)(noting that a plaintiff who overturns conviction may then bring § 1983 action).

**IT IS ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 22, 2014 (Doc. 1), the Complaint: Civil Action, filed February 11, 2014 (Doc. 6), and the Continuance of: Amended Complaint of Negligence, filed March 4, 2014 (Doc. 15), are dismissed without prejudice, pending motions are denied as moot, and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Luis F. Alarcon
Penitentiary of New Mexico, Santa Fe
Santa Fe, New Mexico

    *Plaintiff pro se*